## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DAVID BRIGHTWELL,                          *

Petitioner                                 *

v                                          *          Civil Action No. RDB-17-2229

WARDEN MARYLAND CORRECTIONAL   *
   INSTITUTION-JESSUP,
                                           *

Respondent                                 *

                           *******

## MEMORANDUM OPINION

David Brightwell, a State prisoner presently incarcerated at the Maryland Correctional

Institution in Jessup ("MCI-J"), filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C.

§ 2241 challenging the computation of his sentences. ECF 1. Respondent seeks to dismiss the

Petition on the basis that Brightwell failed to exhaust his claim in state court prior to instituting

this case. In the alternative, Respondent seeks dismissal because Brightwell's claims are

procedurally defaulted. ECF 7. Brightwell has replied. ECF 9. For the reasons to follow, the

Petition will be DENIED and DISMISSED without prejudice.

## Background

Brightwell indicates that in 1998 a jury convened in the Circuit Court for Somerset County

convicted him of armed robbery and the use of a handgun in the commission of a crime of violence.

ECF 1 at p. 8; *State v. Brightwell*, Case Nos. 97-CR-04909 and 97-CR-4910, Circuit Court for

Montgomery County. At sentencing, Brightwell claims that the Honorable Thomas C. Groton, III

stated:

> For that reason what I'm going to do in case 97-CR-04909, as to Count number
> one, the armed robbery, I'm going to sentence you to twenty years in the Division
> of Correction. Likewise in case 97-CR-04909, I'm going to sentence you on count

1

number six, the handgun violation, use of handgun in the commission of a crime of violence to ten years in the Division of Correction.

*Id.*; *see also* ECF 1-2, p. 2. All other sentences in Case No. 97-CR-04909 merged. *Id.* At that same proceeding, Brightwell was sentenced in Case No. 97-CR-04910. Brightwell states that as to that case, Judge Groton stated:

> In 97-CR-04910 as to count number one, the armed robbery, I'm going to sentence you to twenty years in the Division of Correction. I'm going to make that consecutive to the sentence that was imposed in 04909.
>
> Likewise as to the remaining counts under the same procedure I followed in 909 I'm going to merge for the purpose [of] sentencing the remaining counts.
>
> So what you have, Mr. Brightwell is twenty years on an armed robbery, an additional ten years on the handgun violation. The second case you'll have an additional twenty years. They are consecutive to each other. So that's makes a total of fifty years that you have in the Division of Correction.

ECF 1, p. 8; ECF 1-2, p. 2-3.

At the conclusion of his sentencing, Judge Groton stated that the sentences were to run "from the time he was picked up and placed in jail." ECF 1, p. 9; ECF 1-2, p. 3. Brightwell argues that this statement created an ambiguity as to whether the sentencing judge "had retracted the consecutive provisions imposed. . . .and directed that each sentence begin January 6, 1997." *Id.*, p. 10. Brightwell contends that the Division of Corrections ("DOC") personnel have failed to properly calculate both his sentences as running concurrently from January 6, 1997. ECF 1.

Brightwell filed an administrative remedy regarding the calculation of his sentence and appealed the denial of the grievance through each stage of the grievance process, including to the Inmate Grievance Office. ECF 1, p. 15-19. His remedy requests were denied. *Id.*

He then filed a petition for writ of habeas corpus challenging the calculation of his sentence

by the DOC with the Circuit Court for Somerset County, Case Number 19-C-09-013294.[1] ECF 1, p. 5; ECF 7-2; ECF 7-4. The petition was dismissed and Brightwell noted an appeal. ECF 7-4, pp. 4-5. Subsequently, Brightwell voluntarily dismissed the appeal. ECF 7-4, p. 6; ECF 7-5; ECF 7-6. In dismissing the appeal, Brightwell referenced a second petition for writ of habeas corpus which was then pending in the Circuit Court for Somerset County, Case No. 19-C-10-014160. ECF 7-5, p. 1. This second petition was denied by the Circuit Court for Somerset County on January 25, 2011, and Brightwell appealed that decision to the Maryland Court of Special Appeals. ECF 7-7, p. 7. He later voluntarily dismissed that appeal. *Id.*, p. 9.

## Analysis

Assuming Brightwell has presented a federal question here, his Petition is subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28 U.S.C. §2241.[2] *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to § 2241 petition challenging civil commitment). Under § 2254, before seeking federal habeas corpus relief, Brightwell must exhaust each claim presented by pursuing remedies

---

[1] The Petition was initially filed with the Circuit Court for Baltimore City and transferred to the Circuit Court for Somerset County. ECF 7-2, p. 1; ECF 7-3, p. 2. Brightwell raised the same arguments in that Petition as he does here; that his sentence should run concurrently rather than consecutively. ECF 7-2.

[2] The Petition was filed, docketed, and has proceeded as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The Court now notes that "regardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254'...even if they challenge the execution of a state sentence." *In re Wright*, 826 F.3d 774, 779 (4th. Cir. 2016). Challenges to administrative rules, decisions, and procedures applied to a state sentence are challenges to the execution of a sentence and must be raised in a § 2254 petition. Even if the Petition is reconstrued as having been filed pursuant to § 2254 it would nevertheless be subject to dismissal without prejudice as unexhausted. Accordingly, the error in filing will not be corrected.

available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and where appropriate in the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). This exhaustion requirement affords the state courts the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

Brightwell may challenge the calculation of his term of confinement by pursuing both administrative and judicial remedies. He may file a grievance with the Inmate Grievance Office ("IGO"). *See generally Adamson v. Correctional Medical Services, Inc.*, 753 A.2d 501 (Md. 2000); Md. Code Ann., Corr. Servs. § 10-206(a). If the grievance is not found wholly lacking in merit on its face, it is referred to the Office of Administrative Hearings ("OAH") for a hearing before an administrative law judge. *Id.* at § 10-207(c). An order of the OAH finding that an inmate's complaint is lacking in merit constitutes the final decision of the Secretary of Public Safety and Correctional Services ("Secretary") for purposes of judicial review. *Id* at § 10-209(b)(1)(ii). If the OAH finds that the grievance is meritorious, an order is forwarded to the Secretary. The Secretary may affirm, reverse, or modify the order of the OAH. *Id.* at § 10-209(c).

An appeal of the Secretary's decision lies with the "circuit court of the county in which the complainant is confined." *Id.* at § 10-210(b)(2). Petitioner may thereafter seek review in the Maryland Court of Special Appeals by application for leave to appeal, *id.* at § 10-210(c)(2), and, if the Maryland Court of Special Appeals grants the application for leave to appeal but denies relief on the merits, he may then seek review in the Maryland Court of Appeals by petition for writ of

4

*certiorari*. *See Williams v. State*, 438 A.2d 1301 (Md. 1981); Md. Code Ann., Cts. & Jud. Proc. § 12-202.

If, however, Brightwell "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits," he may seek relief directly from Maryland courts by filing a petition for a writ of habeas corpus. *See Maryland House of Correction v. Fields*, 703 A.2d 167, 175 (Md. 1997) (abrogated on other grounds by *Moats v. Scott*, 751 A.2d 462 (Md. 2000)). He may appeal a circuit court's decision denying habeas corpus relief to the Maryland Court of Special Appeals, and may thereafter seek *certiorari* in the Maryland Court of Appeals. *See generally Stouffer v. Pearson*, 887 A.2d 623 (Md. 2005); *Stouffer v. Staton*, 833 A.2d 33 (Md. 2003); *Jones v. Filbert*, 843 A.2d 908 (Md. App. 2004).

It is clear that while Brightwell pursued remedies in both the administrative and judicial process, he withdrew his claims prior to completing one full round of review. He did not appeal the dismissal of his administrative remedy to the circuit court and he did not finish appellate review of his petitions for habeas corpus, voluntarily dismissing each appeal prior to the Maryland Court of Special Appeals' review. There is no indication that Brightwell has subsequently made any effort to fully exhaust his administrative or state remedies. This Court may not entertain the issues presented in the Petition while the Maryland courts have not had the opportunity to fully review the claims raised. Having found the claims unexhausted, the Court need not address Respondents' argument regarding procedural default.

Accordingly, the habeas corpus relief requested shall be denied without prejudice and dismissed as unexhausted.

A separate Order follows

_OCTOBER 1, 2019_
Date

_Richard D. Bennett_ (signature)

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE